HOYT, SHEPSTON & SCIARONI *v.* UNITED STATES (No. 2276).[1]

MOCHI.

  Mochi, whether made from rice or from rice and barley, whether put up in tins or cut into cubes and dried, is not rice, barley or wafers.—Hoyt, Shepston & Sciaroni *v.* United States (12 Ct. Cust. Appls. 7; T. D. 39888).

United States Court of Customs Appeals, January 24, 1924.

APPLICATION for rehearing; decision rendered November 17, 1923 (12 Ct. Cust. Appls. —; T. D. 39888).

  [Denied.]

  *Frank L. Lawrence (Martin T. Baldwin* of counsel) for appellants.
  *William W. Hoppin,* Assistant Attorney General *(John A. Kemp,* special attorney, of counsel), for the United States.

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

  Per curiam:

The petition for a rehearing in this case claims that the case involved two different articles, namely, mochi or canned boiled rice and so-called wafers consisting of rice and a very small percentage of barley.

Only two witnesses were called on behalf of the importer and both testified that the name "mochi" was applied to the product made up of rice and a small percentage of barley and to the product made from rice alone.

---

[1] T. D. 39996

Whether the commodity is made from rice or from rice and a small percentage of barley, the undisputed testimony discloses that the rice in the one case and the rice and barley in the other were cooked and reduced to a pulp, thereby producing a new article which was neither rice nor barley. The reasoning of the opinion applies with equal force to mochi made from rice and to mochi made from rice and barley and to both products whether put up in tins or cut into cubes and dried.

The petition for a rehearing must therefore be denied.